Sean P. Nalty, Esq. (State Bar No. 121253)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants
LIFE INSURANCE COMPANY OF AMERICA,
CIGNA CORPORATION & CIGNA LIFE
INSURANCE COMPANY OF NEW YORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WARREN,<br><br>    Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION, LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA LIFE INSURANCE COMPANY OF NEW YORK, and DOES 1-100,<br><br>    Defendants. | Case No. CV07-06144<br><br>**DEFENDANTS CIGNA CORPORATION, LIFE INSURANCE COMPANY OF AMERICA, AND CIGNA LIFE INSURANCE COMPANY OF NEW YORK'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Action filed:   November 6, 2007 |

Defendants CIGNA Corporation ("CIGNA"), Life Insurance Company of North America ("LINA"), and CIGNA Life Insurance Company of New York ("CIGNA New York") (collectively "Defendants") hereby answer the Complaint ("the Complaint") for Damages filed by Plaintiff Ronald Warren ("Plaintiff") as follows:

### FIRST CAUSE OF ACTION

### (Breach of Contract)

1.    Defendants deny the allegations in paragraph 1 of the Complaint.

2.    Defendants deny the allegations in paragraph 2 of the Complaint.

3.    Answering the allegations in paragraph 3 of the Complaint, Defendants admit that LINA is in the business of issuing group disability insurance policies and does business in

1  California. Except as so admitted, Defendants deny the allegations in paragraph 3 of the
2  Complaint.
3    4.   Answering the allegations in paragraph 4 of the Complaint, Defendants admit that
4  LINA issued Accident Insurance Policy SPS925735 to the Thoroughbred Racing Associations of
5  North America, Inc. and other Race Tracks and Jockeys' Guild ("the Policy"). Except as so
6  admitted, Defendants deny the allegations in paragraph 4 of the Complaint.
7    5.   Defendants deny the allegations in paragraph 5 of the Complaint.
8    6.   Answering the allegations in paragraph 6 of the Complaint, Defendants admit that
9  LINA issued the Policy and that the terms, conditions, limitations, and restrictions stated in the
10  Policy speak for themselves. Except as so admitted, Defendants deny the allegations in paragraph
11  6 of the Complaint.
12    7.   Answering the allegations in paragraph 7 of the Complaint, Defendants admit that
13  LINA issued the Policy , that premium was paid under the Policy, and that a copy of the Policy is
14  attached to the Complaint as Exhibit A. Defendants deny that defendants CIGNA and CIGNA
15  New York issued the Policy. Defendants are without knowledge or information sufficient to form
16  a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and on this
17  basis, deny the remaining allegations in this paragraph.
18    8.   Answering the allegations in paragraph 8 of the Complaint, Defendants are
19  without knowledge or information sufficient to form a belief as to the truth of the allegations in
20  this paragraph, and on this basis, deny the allegations in paragraph 8 of the Complaint.
21    9.   Answering the allegations in paragraph 9 of the Complaint, Defendants admit that
22  Plaintiff submitted a claim form to LINA and that one page of this claim form is attached to the
23  Complaint. Except as so admitted, Defendants deny the allegations in paragraph 9 of the
24  Complaint.
25    10.  Answering the allegations in paragraph 10 of the Complaint, Defendants admit
26  that Plaintiff, through a letter from his counsel dated December 19, 2006, appealed the decision
27  by LINA that benefits are not payable on his claim under the Policy. Plaintiff's counsel included
28  information with the letter that is contained in the file for the claim that is the subject of this

1 | action ("the Claim File"). Except as so admitted, Defendants deny the allegations in paragraph 10
2 | of the Complaint.

3      11.    Defendants deny the allegations in paragraph 11 of the Complaint.

4      12.    Defendants deny the allegations in paragraph 12 of the Complaint.

## SECOND CAUSE OF ACTION

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

7      13.    Answering the allegations in paragraph 13 of the Complaint, Defendants incorporate by reference, as if they were fully set forth below, the responses to paragraphs 1-12 of the Complaint set forth above.

10     14.    Defendants deny the allegations in paragraph 14 of the Complaint.

11     15.    Defendants deny the allegations in paragraph 15 of the Complaint.

12     16.    Defendants deny the allegations in paragraph 16 of the Complaint.

13     17.    Defendants deny the allegations in paragraph 17 of the Complaint.

14     18.    Defendants deny the allegations in paragraph 18 of the Complaint.

15     19.    Defendants deny the allegations in paragraph 19 of the Complaint.

16     20.    Defendants deny the allegations in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendants allege that neither the Complaint, nor any cause of action therein, states facts sufficient to state a cause of action against Defendants, and each of them.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants allege that CIGNA Life Insurance Company of New York and CIGNA Corporation do not do business in California and therefore this Court has no jurisdiction over them as they have no minimium contacts with California.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants allege that CIGNA Corporation and CIGNA Life Insurance Company of New York did not issue the Policy that is the subject of this matter. Accordingly, there is no

basis to allege a cause of action for breach of contract or breach of the covenant of good faith and fair dealing against these defendants.

### FOURTH AFFIRMATIVE DEFENSE

4. In the event that Plaintiff has sustained any damages as alleged in the Complaint, which Defendants deny, then on information and belief, Defendants allege that Plaintiff failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants allege that each and every act or statement done or made by Defendants, or by their agents, with reference to Plaintiff, were privileged as a good faith assertion of Defendants' legal and contractual rights.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants allege that any and all of the actions taken by any corporate officer, employee, and/or agent were good faith assertions of the rights of Defendants and were therefore privileged and/or justified.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants allege that Plaintiff is estopped from alleging that Defendants caused or contributed to the damages, if any, referred to in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants allege that if Defendants failed to perform any obligations owing to the Plaintiff, which Defendants categorically deny, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff, his agents, and/or other third parties.

### NINTH AFFIRMATIVE DEFENSE

9. Without conceding that Plaintiff sustained any damages as alleged in the Complaint, Defendants allege that if any such damages were sustained by Plaintiff, Plaintiff failed to and did not exercise ordinary care, caution or prudence on his own behalf and that the alleged damages, if any, either sustained by Plaintiff or referred to in the Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Plaintiff. Accordingly,

recovery, if any, on the part of the Plaintiff against Defendants must be reduced by a proportionate percentage of the wrong attributable to the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants allege that, without conceding Plaintiff has sustained any damages as alleged in his Complaint, if any such damages were sustained by Plaintiff, they were caused by persons or entities other than Defendants, and at all times, these other person or entities were acting without the consent, authorization, knowledge or ratification of Defendants, with regard to any and all of the acts alleged in the Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants allege that Plaintiff failed to comply with one or more of the conditions precedent to coverage under the Policy, including, but not limited to, failing to provide evidence of his permanent total disability as that term is defined in the Policy.

### TWENFTH AFFIRMATIVE DEFENSE

12. Defendants alleges that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants allege that any and all actions taken by Defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants at all applicable times.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants allege that the Complaint, and each purported cause of action contained therein, fails to state any facts that would entitle Plaintiff to recovery general, compensatory, and/or punitive damages (including attorney's fees and costs) against Defendants, and each of them.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants allege that the basis by which punitive damages are imposed, pursuant to California statutory and common law, are constitutionally defective in that they violate the First, Fourth, Fifth, Sixth, Eighth and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants allege that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of Defendants' status in violation of their rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants allege that an award of punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants alleges that Plaintiff has failed to allege, and/or have no facts to prove, under the clear and convincing evidence standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code section 3294.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants allege that plaintiff's tort claims are without merit, as a matter of law, as there is a genuine dispute concerning Plaintiff's entitlement to benefits under the Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants allege that, under a choice of law analysis, the law of Maryland applies to this action.

21. Defendants reserve their right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendants, and each of them, pray for judgment in their favor as follows:

1. That Plaintiff take nothing by reason of the Complaint on file herein;

2. That Defendants, and each of them, be awarded their costs and expenses incurred in this action;

3. That Defendants, and each of them, be awarded their attorney's fees incurred in this action; and

4. That Defendants recover such other relief as the Court may deem just and proper.

Dated: December 13, 2007    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Sean P. Nalty
SEAN P. NALTY
Attorneys for Defendants
LIFE INSURANCE COMPANY OF AMERICA, CIGNA CORPORATION & CIGNA LIFE INSURANCE COMPANY OF NEW YORK