LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MICHAEL A. KELLY (State Bar #71460)
SPENCER J. PAHLKE (State Bar #250914)
**ATTORNEYS FOR PLAINTIFF**

Sean P. Nalty, Esq. (State Bar No. 121253)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
LIFE INSURANCE COMPANY OF AMERICA,
CIGNA CORPORATION & CIGNA LIFE
INSURANCE COMPANY OF NEW YORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA Corporation,<br><br>    Defendant. | Case No. 07-06144 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>**Date: March 14, 2008**<br>**Time: 2:00 p.m.**<br>**Courtroom: 10**<br> Hon. Susan Illston |

  Plaintiff RONALD WARREN and defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"or "defendant") submit this Joint Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this Case. Ronald Warren has dismissed, without prejudice, CIGNA Corporation and CIGNA Life Insurance Company of New York. The remaining defendant, LINA, issued the policy that is the subject of this matter.

## DESCRIPTION OF THE CASE

**1.    Jurisdiction and Service.**

This Court has subject matter jurisdiction in this case on the basis of diversity jurisdiction. There are no disputes regarding personal jurisdiction. There are no parties remaining to be served.

**2.    Facts.**

This litigation arises out of a disability insurance claim made by plaintiff Ronald Warren and denied by defendant CIGNA Corporation.

Previously a successful and accomplished professional jockey for 20 years, plaintiff sustained injuries while participating in a race on February 4, 2005. On the basis of those injuries, he filed a claim pursuant to a disability insurance policy issued for his benefit and in effect on February 4, 2005. Plaintiff first made a claim for payment of his policy proceeds on January 27, 2006. After nine months of correspondence, defendant denied plaintiff's claim on October 23, 2006. Pursuant to the terms of the insurance policy, plaintiff appealed the denial of his claim. For the next eleven months, defendant repeatedly delayed issuing a decision on plaintiff's appeal. Finally, on December 6, 2007, still without a response from defendant regarding the appeal, plaintiff filed the instant lawsuit.

Plaintiff is a resident of California, and has alleged contract and tort claims in excess of the minimum jurisdictional threshold of this Court. (Plaintiff commenced this action in the Superior Court of the State of California, County of San Francisco. Defendants removed to this Court on the basis of diversity.)

LINA claims that it has been hindered in its efforts to conduct its investigation by plaintiff's conduct. The medical evidence in this matter establishes that plaintiff is physically capable of working in other occupations. For example, in a January 10, 2005 medical report, plaintiff's treating surgeon, Michael Bellino, M.D., states that Warren is doing very well, is full weightbearing, and is not using any assistive devices. He further states that Warren is not taking any medications for pain and his only limitation is a stiff ankle. Dr. Bellino also advised plaintiff that there is surgery that can provide relief from the ankle stiffness. Plaintiff plays golf four times a week without pain and, according to Dr. Bellino, has no limitations on activity. LINA contends

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

326536.1

2
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI

that Warren is physically capable of performing an occupation.

### 3. Legal Issues.

The principal legal dispute revolves around the meaning of "permanent total disability" as that phrase is used in the subject insurance policy.

Plaintiff asserts that "permanent total disability," when used in an insurance policy of this type, issued for the benefit of a California resident, is defined by California state case law. Plaintiff relies, in part, on *Erreca v. Western States Life Insurance Co.*, 19 Cal.2d 388, 393, 121 P.2d 689 (Cal.1942), which states that, with occupational policies such Mr. Warren's, an insured "is entitled to benefits upon proof that he is totally and permanently disabled from transacting the duties pertaining to a defined occupation, generally the employment in which he was engaged at the time the policy was written." The policy, by its own terms, provides that "[a]ny provision of this policy which, on its effective date, is in conflict with the laws of the state where you are located is amended to meet those laws." Accident Life Ins. Policy at 9.

LINA contends that the application of the definition of disability in the policy that is the subject of this action is a significant legal issue as is the issue of plaintiff's failure to cooperate in the investigation of the claim. The policy defines Permanent Total Disability as "an injury which prevents the insured from being in any occupation for which he/she is qualified based on his/her education, training or experience. The insured must be so disabled and under the care of a physician for twelve straight months from the date the disability began and it is medically determined by a physician that the insured is totally disabled and that such status is not medically reversible by current acceptable medical standards."  "The language of the 'any occupation' standard . . . requires only that [plaintiff] be able to perform a job for which he is qualified or for which he can reasonably become qualified by training, education or experience." *McKenzie v. Gen. Tel. Co. of Cal*., 41 F.3d 1310, 1317 (9th Cir. 1994). "Under [the any occupation] standard, an employee must be incapable of performing any occupation in order to be totally disabled." Id. at 1313. See also *Brigham v. Sun Life of Can.,* 317 F.3d 72, 86 (1st. Cir. 2003)

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

326536.1

3
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI

**4.     Motions.**

There are no prior or pending motions.  Plaintiff has no current plans to file any dispositive motions.

Defendant will move for partial summary judgment on the tort claims for relief and claim for punitive damages.

**5.     Amendment of Pleadings.**

Plaintiffs may move to amend the complaint to add additional or different CIGNA entities as defendants should such be necessary, depending on the discovery process.

**6.     Evidence Preservation.**

It is presumed that defendant has and will retain all materials relevant in this matter including, but not limited to, documents, e-mails, voice mails, and all other recorded materials, electronic or otherwise.

Defendant has complied with all discovery requirements.

**7.     Disclosures.**

Plaintiff served his initial disclosures on defendant on March 3, 2008.  These disclosures complied with Fed. R. Civ. P. 26.  The disclosures included, the names and contact information of eleven persons with discoverable information; twelve sets of documents, including correspondence with defendant; medical records and reports, a copy of the subject insurance policy and amendment; and other documents relevant to this matter.

Defendant will serve on plaintiff its Fed. R. Civ. P. 26 disclosure.

**8.     Discovery.**

On March 3, 2008, plaintiff served on defendant Requests for Production of Documents and Things, Requests for Admission, and Special Interrogatories.

Once the parties have their Conference under FRCP 26, Defendant will serve written discovery including requests for admissions, document requests, and interrogatories.  At a minimum, defendant also will depose plaintiff and the physicians who treated plaintiff.

The scope of discovery in this case will center on the disability insurance claim, the claims handling process, and the basis for the denial of plaintiff's disability insurance claim.

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

326536.1

4

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI

**9. Class Actions.**

This is not a class action.

**10. Related Cases.**

There are no related cases.

**11. Relief.**

Plaintiff seeks contract damages in the amount of $ 864,951, plus attorneys' fees and interest.

Plaintiff seeks punitive and exemplary damages in an amount necessary to punish, deter and to make an example of defendants.

Plaintiff seeks general damages pursuant to plaintiff's Second Cause of Action under California common law. Such general damages are predicated on the emotional and mental distress suffered by plaintiff as a result of defendant's conduct, the delay in the receipt and use of the funds owing, and the loss of interest on benefits that should have been paid.

**12. Settlement and ADR.**

The parties have agreed to mediation. To that end, the parties have stipulated to Hon. Edward A. Infante of JAMS. Mediation is to be completed within the presumptive deadline (90 days from the date of the order referring the case to an ADR process).

**13. Consent to Magistrate Judge For All Purposes.**

The parties do not consent.

**14. Other References.**

No other references are suitable.

**15. Narrowing of Issues.**

Not applicable.

**16. Expedited Schedule.**

Not applicable.

**17. Scheduling.**

    Trial date:    July 2009

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

326536.1

5

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI

1         Discovery cut-off:    February 2009

2         Expert Disclosure:    March 2009

3         Expert Discovery cut-off:    April 2009

4         Dispositive motion cut-off:    May 2009

**18. Trial.**

Plaintiff contends that this case will be tried to a jury. Plaintiff expects the length of trial will be 5 days.

Defendant contends that this matter will be tried to the Court as no jury demand has been made by either party and therefore a trial by jury has been waived. Defendant believes that the trial will last 5 court days.

**19. Disclosure of Non-party Interested Entities or Persons.**

Plaintiff has filed a Certification of Interested Entities or Persons. Plaintiff's certification was as follows: "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Life Insurance Company of North America is the insurer who issued the policy that is the subject of this matter. Connecticut General Corporation is a parent company of Life Insurance Company of North America. Connecticut General Corporation is a wholly owned subsidiary of CIGNA Holding Inc. CIGNA Holding Inc. is a wholly owned subsidiary of CIGNA Corporation.

**20. Other Matters.**

None.

DATED: March 6, 2008        WALKUP, MELODIA, KELLY & SCHOENBERGER


By:  /s/ Michael A. Kelly
      MICHAEL A. KELLY
      SPENCER J. PALKE
Attorneys for Plaintiff RONALD WARREN.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

326536.1

6
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI

| | | |
|---|---|---|
| 1 | DATED: March 6, 2008 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |

By:  /s/ Sean Nalty
       SEAN NALTY
Attorneys for Defendants
LIFE INSURANCE COMPANY OF AMERICA,
CIGNA CORPORATION & CIGNA LIFE
INSURANCE COMPANY OF NEW YORK

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

326536.1

7

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

**IT IS SO ORDERED.**

DATED: _____, 2008

_____
The Honorable SUSAN ILLSTON
UNITED STATES DISTRICT COURT

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

326536.1

8

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER - CASE NO. 07-06144 SI